This is a case on the docket 2-16-0919. The people of the state of Illinois claims it's Appalachian. We need Michael Haar to make the count. On behalf of the defendant's count, Mr. Steve L. Haar. Appalachian claims it's Appalachian. Ms. Foramoy. Ms. What? Ms. Foramoy. It's mine. Well, thank you. We didn't get little tabs. Not on this one. Okay. Mr. Walker, you may proceed. Good morning, Your Honor. Good morning. May it please the Court. Thank you. Proceed. Your Honor, there's one issue presented on appeal today, and that is whether the trial court erred in denying Najar's instruction regarding the state of the fact. Mr. Najar argues that he provided sufficient evidence to warrant giving this instruction as slight, only slight evidence was required. In this case, Najar testified, and this testimony was unimpeached, that he forgot that his reporting date was August 16th, instead believing that he had moved in June and was thus required to register in September. But didn't he testify that when asked, you did get the sheet that says what the date was, correct? Didn't he say that he did? He said he misplaced it possibly or put it someplace because he was moving. But didn't he also admit on the stand that he knew that that was the date? Looking at his testimony as a whole, his statement suggests that he knew that when he received the sheet, he probably wasn't mistaken as to his next reporting date. That doesn't mean that on the date where it, well, beyond the fact track. Najar wasn't in violation of his order after the 90th day. He had up to 90 days to report. Which by September 2nd had passed. Correct. By September 2nd it had passed, but he was still under the mistaken belief that he was required to register in September rather than August. He made a mistake. How, I mean, if we say that this is a mistake of fact as a matter of law, we're saying that he did not know what his date was. He knew what his date was because he got the correct date, correct? He knew on May 16th what the correct date was. But at the time he actually violated the statute. But the 91st day, he was under the impression or he had the mistaken belief that he was required to register in September, falsely believing that he had, excuse me, I said register, I meant report. Falsely believing that he had registered in June because he believed he had moved in June. Nahar was obviously trying to remain in compliance because as soon as he was informed by Detective Waldmeier that he was behind in reporting, he immediately reported the next day. Was this Mr. Nahar's first brush with these types of requirements? No, it wasn't his first brush with these types of requirements, but it's all the more reason. It wasn't his first brush with this requirement, but it's all the more reason he was incentivized to report all the time. Like I said, as soon as he was informed that he was in noncompliance, he immediately went in to report. At that time, he told Waldmeier that he believed he had moved in June and thus was required to register in September. It merely slipped his mind. So the knowledge aspect comes in that he knew he had a duty to report, but like so many of us, he misremembered a certain fact. You left out one phrase. He knew he had the duty to report is only part of it. He knew he had the duty to report within 90 days is the issue. Correct. And he knew on May 16th, when he left the police station, he had to report on August 16th, correct? Correct. Okay. But at the time, in order to knowingly violate the statute, I would argue that he would have had to have known that he was required to report on August 16th, on August 16th. Well, he did know that. He says he knew that, right? No. His testimony was that he probably wasn't mistaken when he left the station. All right. There's a colloquial, colloquially, we tend to use that word mistaken in very general terms. I was mistaken about this. I was mistaken about that. But that's not the manner in which we use it when we speak of a mistake of fact. Because he knew that he would have to re-register in 90 days. He knew that on the 19th. So the knowledge was there in his mind. It's just that he forgot. It's not that he was mistaken about it. He forgot. I would argue that he didn't forget. He misremembered. And it's a very subtle distinction, but it's a key distinction. What is the difference between misremembering and forgetting? Just so I know, because at my advanced age, that may be something I need to think about. How to misremember. And I don't say that to make light of what you're saying. But I do. What's your distinction there? In an example, misremembering would be you had knowledge that your anniversary, for instance, is sometime this week. But you thought you got married on the 22nd, when in fact you got married on the 25th. That's a very practical example, so I'm glad you pulled it. Forgetting entirely would be you forget the month in which you were married. You believe, perhaps, or you forget that you're married. That would be worse. Exactly. Let's not go there. Right. I'm coughing. I'm laughing. Well, it wouldn't be mistaken, I mean, a mistake of fact. Wouldn't that be actually not remembering that he even had to report? He did remember that he had to report. I know that. I know that. But what if he had said, you know, I didn't realize I had to report. That would be possibly a mistake of fact, wouldn't it? Under the statute, I didn't know I was required to report? Lacking the knowledge of having being required to report is having no knowledge at all. So in this case. No, it's not having sufficient. Sufficient. In this case, the distinction, again, is very subtle. The question is whether he had the criminal knowledge necessary. It's not whether he should have known, but whether he, in fact, knew that he had a duty to report on August 16th. And the fact that he misremembered was whether it was August 16th or September 16th. And there was nothing so inherently believable, unreasonable about that belief that it should have, that the judge could have found that it should have been submitted to the jury as a factual determination. They were in the best position to determine Nahar's credibility. Let's actually talk about the jury instruction that was proposed. Because I have read it many times in preparation for today. And it wasn't until about three minutes ago when I got on this bench that I figured out what it was. And I'm supposed to know that the defendant, Proposition 3, that the defendant was not mistaken as to a matter of fact that would show he did not have the knowledge necessary for the offense charged. How is a jury going to figure that out in the limited time? I mean, they didn't have the two months of preparation that I did on this case. How are they going to figure that out? What are they supposed to think that means? Your Honor, and this is obviously my reading of it. Right. But it did not seem entirely unclear. Because right above it, it states the second proposition, the defendant knowingly failed to report in person. So the third proposition flows from the second proposition. And Nahar testified that he basically made a mistake and merely forgot. So I believe the jury would have been able to determine that the mistake of fact reference, which is basically, I would say, about a good third of the third proposition, was simply him testifying that he forgot. And then the rest, it would appear, is fairly clear. He did not have the knowledge necessary for the offense charged. So it's basically stating, if you believe that he was mistaken about a fact, then the second proposition isn't proven, and thus you can't convict. It's based upon what Justice Hutchinson said and what you said. When I read this, I was confounded as well. And when she suggested we go look at it again, I tried to read it in such a way as I would understand what it supposedly would mean to a juror. And it seems to me that maybe the word not should not be in there, that the defendant was mistaken as to a matter of fact that would show that he did not have the knowledge necessary for the offense charged. That seems to suggest what a jury or a juror would have to decide, that he was mistaken. Not that he wasn't mistaken. Is this my interpretation wrong? And the jury actually had to find that he wasn't mistaken in order to find that there was a mistake? Your Honor, had this been, I understand what you're saying. Well, I'm asking a question. I'm not necessarily making a declaratory statement. I think the issue, the pertinent issue here is that the trial judge denied this instruction on the basis that he believed that for God, that Nahar forgot, and thus a mistake of fact instruction in general was not warranted. And that's precisely the issue, because he stated blatantly that he was not going to issue a mistake of fact instruction. They didn't get into the merits of counsel's proposition because they cut it off before it even rose to that level. All right. Well, even though Mr. Nahar did not get the modified number three that he was requesting, Ms. Schufo did argue extensively and did question him extensively about his memory. Isn't that true? This is true, but testimony and argument don't carry the same weight as a jury instruction issued from a judge. It's not something that the prior fact would necessarily consider sufficiently when weighing the facts and determining whether or not to convict Mr. Nahar. In page eight of your brief, you say, quote, In this case, Nahar repeatedly testified that his failure to report was on August 16th, was the result of simply having forgotten during the chaos of moving into a new home and subsequently confusing certain dates. The term simply having forgotten strikes me as being a lapse in memory more than a mistake of fact. It was a lapse in memory that caused the misremembrance of a fact. So his mistake was not forgetting. His mistake was being mistaken as to the date he was required to report. But the whole issue isn't that the legal issue is that he did not have knowledge of the correct date. But he did. Isn't that correct? He had knowledge of the correct date on May 16th. That's what his testimony indicates, that he probably was mistaken when he left the station that day after registering. He subsequently misremembered his reporting date prior to the termination of the 90-day period in which he had to report in order to remain compliant. Do you have any case that stands out in your mind that supports this idea that confusion, lacking out, or some other mental deficiency would create a mistake of fact? Yes, actually, I cited it in my brief on page... I believe starting on page 8, I go into People v. Nash. In that case, the court found that the state's argument that the defendant should have known that they were acting in violation of a statute was not sufficient to impute criminal knowledge because that was a... In fact, I'll quote it. It was the standard of care which a reasonable person would exercise and therefore pertain to the lesser state of recklessness or negligence and thus more readily apply to civil liability rather than criminal culpability based on knowledge. The way it appears that you're interpreting Nash is that the state not only has to, as you say... The state proved a substantial... Substantial, you have portability, but I think it's probability, that Najjar was consciously aware that he had to report on August 16, 2014. Now, if you or if your appeal has any merit, then it would suggest that you've taken Nash and suggested that the state doesn't have to prove a substantial probability that Najjar was consciously aware that when he was handed the piece of paper that told him that he had to appear or register before August 16th, that the state had to prove that on August 16th or on August 17th, that the state had proven at the time he then had become a criminal, so to speak, that he was consciously aware. And I don't think Nash says that. I think that it suggests that conscious awareness only has to happen once unless, as I've suggested, that somebody has been traumatized and has memory loss or has induced through medicine, hypnosis, or something else that would wipe from one's memory, from one's consciousness, the fact that the state at one time made him consciously aware of what he was supposed to do by a given date. Your Honor, that is one way to view the statute's reporting provision. I'm merely arguing that the actual violation doesn't occur until he fails to report on that 90th day. And that that is when his knowledge is imputed. So, yes. And if they have to prove that, they'll never be able to prove it because all he has to say, of course, he may not be believed, but at least he's entitled to an instruction. But I'm not sure that he would be entitled to this instruction in any event because it says that he is not mistaken rather than that he was mistaken. Any other questions? Thank you. You may be seated. We will give you the opportunity to rebuttal after Ms. Moy has argued. Thank you. Good morning, Your Honor. May it please the Court. Ms. Moy, you're going to have to pull the microphone. I'm sorry. I always forget that. My name is Cora Moy on behalf of the people. You're going to have to speak up louder. Sorry. A defendant is not entitled to instruction on his theory of the case unless there is some foundation for the instruction. And here there is no evidence. As the evidence has showed, defendant was given the proper information. He went to the officer on May 16th. He received the paperwork that said your next reporting date was August 16th, 2014. He signed right underneath that. Then went home, put it in a filing cabinet, and moved. But he still had that paperwork. He was given the documentation. He was in possession of those documents the entire time. The fact that his slip of memory, that's just not a mistake of fact. That's merely forgetting is not a mistake. There is no mistake as to what date he needed to report by, which was August 16th. Therefore, the court didn't abuse its discretion when it denied the defendant's mistake of fact instruction. Justice Spence asked earlier or suggested earlier that the language is important here. We all make mistakes. It doesn't necessarily mean we make a mistake of fact as a legal premise. So what is the actual legal premise of mistake of fact? The legal premise to a mistake of fact, per the instruction that was requested, is that if the mistake shows that the defendant did not have the knowledge necessary for the offense charged, in other words, it would negate the knowledge requirement. And here, merely forgetting that, yes, sure. How about trying the knowledge that was contained in the notice that he was given was the essence of what the fact was, and that there was nothing other than his slipshod memory that altered or affected, transmuted or changed the date that he was given in the notice that he acknowledged? Well, that would have been clear as much, too. Really? Okay, well, I'll try and use Plato next time. But the point is a fact is a reality. Correct. And the reality is he was told to report by a certain date. That's correct. And he got notice. Now, if the notice had been improper and it said October 1, then that would have been a mistake of fact. The mistake of fact would have been committed by the deputy, not by him. Correct. I would agree. If he was told that he had to report within that time period if he changed his address, then that would also be a mistake of fact. And, again, it wouldn't be a mistake of fact that he committed. I would agree with. And he wouldn't be, in my opinion, he would be exonerated therefrom. But the mistake of fact that he committed was a lapse in memory. Exactly. Which is why the mistake of fact instruction in this case wasn't warranted because he was given the proper information. As Your Honor has suggested, if he was given the improper date and that is what he relied on, that would warrant an instruction, I believe, in this case. I think we have to change the facts a little bit. And also, the People v. Nash case, the issue on appeal in that was the sufficiency of the evidence. So I don't, that case isn't necessarily on point. I think the Atherton, I don't know how to pronounce it, the Atherton? Atherton. Atherton, yes. That case is more on point where, in that case, the mistake was that the defendant believed he was helping someone move from his own home, and that's why it was a mistake. What's your take on Nash? My take on Nash is that it's not necessarily relevant to the determination of this case because it was a sufficiency of the evidence, and also the trial court applied the wrong standard because they should have known it was a civil standard, and that's not what we're arguing here. It's, our issue on appeal is completely different, so I don't think it's applicable to this case. And if there are, unless Your Honors have any more questions. Robert? No. Thank you. The People request that you find the trial court to not abuse its discretion. Thank you. Thank you. Mr. Walker, you may proceed. Thank you. Very briefly, Your Honor, to pick up on your point just moments ago, the question of what Nash addressed, sufficiency of the evidence, was not the reason I cited it. The reason the case was cited is the proposition that it puts forward that there's a limit to what composes criminal knowledge, and that gets cut off somewhere around the point of should have known. Should have known is not sufficient to prove criminal knowledge. To that extent, that's why Nash is relevant in this appeal. As far as the State's claim that it's false, as far as. . . Are we talking about knowledge or are we talking about mens rea, which is intact? In this case. . . My point being, if I get a notice of a traffic ticket, or as in this case, he got a notice of a given date, even if he claims that he can't read English, would it be fair to say that he should have at least gotten a translator to translate what it said when he's told that he has to report, unless, of course, he doesn't understand English and the word report to him doesn't mean anything? Your Honor, in that hypothetical, yes, I would think it would be incumbent upon the police to have a translator available to inform him of his next reporting date. But in this particular case, what is at issue is whether, as Your Honor correctly pointed out, whether he had knowledge. . . Whether we impute knowledge from the date he receives the notice or the date, he actually becomes in violation. And I'm arguing that knowledge. . . You can't have the knowledge necessary unless you're in violation. If he reported on the 90th day, say he had forgotten all the way up from June 16th to August 16th, and then he remembered that, oh wait, it's not September 16th, it's August 16th, and he reported, he would have still been in compliance. His mistake of fact only became an issue after the 90th day. Okay, but the fact never changed in this case. The fact was August 16th. That never changed. Correct? That's true. So how then did he make a mistake of fact? He had an erroneous belief, which is how Glass Law Dictionary defines mistake, as to when he was required to report. His erroneous belief was that he was required to report in September when in reality he was required to report in August. Again, it's a very subtle distinction. And my argument is not necessarily that the jury would have believed Mike Klein. My argument is simply that his testimony, contrary to the State's assertion, was evidence that supported, it was some slight evidence that would have supported giving the instruction. Maybe not this exact instruction, but the trial court, that was foregone in the trial court because the trial judge found that there was no mistake of fact in their instruction. I'm trying to correlate your argument with experience. And most of the mistake of fact scenarios that I've experienced relate to contract law or a specific performance. And I can't think of one where, for instance, there was going to be a closing date on a real estate contract. Someone didn't show up. They were found in breach. And the defense when the litigation ensued was, I forgot. There was chaos and I just forgot or I misremembered it. And I don't remember ever seeing such an argument made. Virtually all the arguments were, I got an email, I got a letter. The date on the contract, the date on the mortgage papers, the date on the closing papers, the date on the escrow papers said this date and I went on that date. But unfortunately it was the wrong date. That is the typical situation scenario. It is not a situation where someone says a mistake of fact occurred because I forgot. And when I asked you about Nash, I was hoping that you'd be able to tell me that there was a case that said that misremembering, forgetting, whatever, misreading something would be a mistake of fact. And I don't know of any case law anywhere that says that your proposition has any merit. Can you respond to my enigma? I'm having a problem with your argument. I am over time. Yes. Disregard the man behind the curtain. Okay. Your Honor, based on my research, there doesn't seem to be any authority on this issue in general that it has never been really raised before to be determined by a court. Okay. So Nash was the best analogy I could find to address this issue. Well, you've gone a long way to assuage my concerns. That means to ameliorate or reduce. Okay. Are there any other questions? Would you like to close? Yes, please. Go ahead. Your Honor, it's not our request that you reverse this conviction and remand for a new trial with the inclusion of a mistake of fact during instruction. Not this particular instruction. Okay. Thank you very much. Court is adjourned. We'll take all three cases under review.